**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **Sherrel Price**, | § § § |
| Plaintiff, | § Case No. § |
| v. | § § § |
| **Halsted Financial Services, LLC**, | § Complaint and Demand for Jury Trial § |
| Defendant. | § § § |

## COMPLAINT

**Sherrel Price** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Halsted Financial Services, LLC** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA).

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

1

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in San Antonio, Texas 78213.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA by 15 U.S.C. § 1692k(a). See e.g., Wenrich v. Robert E. Cole, P.C, 2001 WL 4994, at *3 (December 22, 2000).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 8001 North Lincoln Avenue, Suite 500, Skokie, Illinois 60077.

9. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this phone number as a cellular telephone.

14. Starting in about early 2016 and continuing through late March 2018, Defendant repeatedly called Plaintiff's cellular telephone.

15. Plaintiff knew Defendant was calling because the representatives on the line stated Defendant's name.

16. When Defendant called Plaintiff's cellular telephone, its representatives asked to speak to a person named Patrick McLane.

17. Plaintiff is not named Patrick McLane, has never been known as Patrick McLane, and does not know anybody named Patrick McLane Defendant might be seeking to contact.

18. Upon information and belief, Defendant was calling Plaintiff's cellular telephone in an attempt to collect a debt.

19. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

20. Because Plaintiff cannot owe any business or commercial debts, if Plaintiff owes the debt Defendant was attempting to collect when it called her, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

21. Upon information and belief, the debt Defendant was calling Plaintiff to collect was incurred in a transaction primarily for personal, household, or family purposes.

22. Within the first few calls around early 2016, Plaintiff told Defendant that it was calling a wrong number and that she did not wish to be contacted.

23. On subsequent calls through March 2018, Plaintiff repeated her statement that Defendant was calling a wrong number and her instruction to Defendant not to call.

24. Once Defendant was informed that it was calling a wrong number, that its calls were unwanted, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

25. Once Defendant was aware it was calling a wrong number and that Plaintiff wanted it to stop calling, the only purpose further calls could serve would be to harass Plaintiff.

26. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times per week to multiple times per day through to late March 2018.

27. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while in the midst of performing her work-related obligations or attending school conferences for her daughter.

28. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

31. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32. Defendant violated sections 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint knowing at all times that it was calling the wrong number.

**Wherefore**, Plaintiff, **Sherrel Price**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Sherrel Price**, demands a jury trial in this case.

Respectfully submitted,

Dated: 3/15/19

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com